UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| LOUDEN, LLC, | No. C 12-02638 LB |
| Plaintiff, | **ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE** |
| v. | |
| IGNACIO J. PAJARILLO, et al., | **REPORT AND RECOMMENDATION** |
| Defendants. | [ECF Nos. 3, 6] |

## I. INTRODUCTION

Plaintiff Louden, LLC ("Louden") brought an action for unlawful detainer against Defendants Ignacio J. Pajarillo and Does 1-10 in Solano County Superior Court on March 14, 2012. Notice of Removal Ex. A, ECF No. 1 at 12.[1] The occupants of the property, Defendants Juan Manuel Lopez and Norma Lopez, proceeding *in pro per*, removed the case from state court, alleging federal-question jurisdiction. Notice of Removal, ECF No. 1 at 1-2, 6-7. Norma Lopez also moved for leave to proceed *in forma pauperis*. Mot. for Leave to Proceed, ECF No. 3. On June 6, 2012, Louden filed a motion to remand the action back to state court, arguing that the action's removal was improper because the court lacks subject-matter jurisdiction over it. Mem. of P. & A., ECF No.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

7. Because Louden's unlawful detainer complaint presents only a state claim on its face, there is no federal jurisdiction, and remand to state court is appropriate. (Venue is in the Eastern District, but given the lack of federal jurisdiction, transfer there does not make sense.) The parties have not consented, so the court **ORDERS** that this case be reassigned to a district court judge and **RECOMMENDS** that the newly-assigned district court judge grant Louden's motion, remand the case to Solano County Superior Court, and deny Norma Lopez's application to proceed *in forma pauperis*.[2]

## II.  FACTS

Louden alleges that it purchased real property at 124 Valley Oak Land, Vallejo, California at a Trustees' Sale. Compl., ECF No. 1 Ex. A ¶ 5. Louden claims that its title has been perfected in a Trustee's Deed conveying title to it. *Id.* Accordingly, Louden alleges that it is the owner of the property and is entitled to its immediate possession. *Id.* ¶ 9. Although Louden served Defendants with a written notice to vacate the property on March 9, 2012, Defendants continue to occupy the property. *Id.* ¶¶ 7-10. Thus, Louden filed an unlawful detainer action in Solano County Superior Court on March 14, 2012. *See generally id.* Louden seeks damages of the reasonable rental value of the property (approximately $51.66 per day) since March 13, 2012. *Id.* ¶ 11.[3]

On May 22, 2012, Defendants removed the action to federal court and Defendant Norma Lopez filed a motion for leave to proceed *in forma pauperis*, which is still pending. Notice of Removal,

---

[2] Pursuant to Civil Local Rule 7–1(b), the court finds this matter suitable for decision without oral argument and vacates the July 19, 2012 hearing.

[3] In support of its Motion to Remand, Louden submits the Declaration of Charlie W. Yu. ECF No. 8. The Yu Declaration incorporates two exhibits but does not formally request the court take judicial notice of them. The court reaches its decision on jurisdictional grounds without reference to the Yu Declaration or its exhibits. A court could take judicial notice of the exhibits because they both are public records. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Exhibit A is a Trustee's Deed Upon Sale recorded on April, 10, 2012. Yu Decl. Ex. A, ECF No. 8 at 5-7. Exhibit B is a copy of Louden's state court summons and complaint. Yu Decl. Ex. B, ECF No. 8 at 9-17 (containing additional exhibits). The court thus can take judicial notice of the undisputed facts contained in it. *See Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); Fed. R. Evid. 201(b); *see also Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 264-67 (2011).

1 ECF No. 1; Mot. for Leave to Proceed, ECF No. 3.  Louden now moves to remand the action back to
2 state court.  Mem. of P. & A., ECF No. 7.  Defendants have not opposed Louden's motion, and the
3 deadline for doing so has passed.  *See* N.D. Cal. Civ. L.R. 7-3(a).  Louden has consented to this
4 court's jurisdiction.  *See* Consent to Proceed Before a US Magistrate Judge, ECF No. 5.  Neither
5 Defendant has consented to or declined this court's jurisdiction, despite the Clerk's efforts to get
6 them to do so.  *See* Clerk's Notice, ECF No. 4.

### III.  LEGAL STANDARD

A defendant in a state court may remove an action to federal court so long as the action could have originally asserted federal-question jurisdiction.[4]  28 U.S.C. § 1441(b).  Removal is only proper "to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a); *see* 28 U.S.C. § 1446.  The burden is on the removing defendant to prove the basis for the federal court's jurisdiction.  *Shizuko Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990).  If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand."  28 U.S.C. § 1446(c)(4) (emphasis added).  Removal jurisdiction statutes are strictly construed against removal.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist.  *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).  An actual or anticipated federal defense is not sufficient to confer jurisdiction.  *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009).  However, a plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint.  *Franchise*

---

[4] District courts have original jurisdiction over cases that arise under the law of the United States.  U.S. Const. art. III, § 2, cl.1.

*Tax Bd. of California*, 463 U.S. 1 at 22.

## IV.  ANALYSIS

### A. <u>The Court Lacks Federal-Question Jurisdiction</u>

Here, Louden alleges a single claim against Defendants for unlawful detainer.  Compl., ECF No. 1 at 11.  Unlawful detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction.  *See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. C 11-1894 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).

Defendants nonetheless assert that the court has federal-question jurisdiction because the Complaint "raises questions as to what rights tenants have because of the effect of the foreclosure." Notice of Removal, ECF No. 1 at 2.  This is not a proper basis for removal, as Louden's complaint contains no facts which would otherwise confer federal jurisdiction.  *See Taylor*, 481 U.S. at 63 (jurisdiction must appear on the face of a well-pleaded complaint); *Hunter*, 582 F.3d at 1042-43 (jurisdiction cannot be predicated on actual or anticipated defenses).

Defendant also contend that Louden did not comply with the procedural requirements of the Protecting Tenants at Foreclosure Act of 2009 (the "Act") when conducting the foreclosure.  Notice of Removal, ECF No. 1 at 2.  The Act requires, in the case of any foreclosures on federally-related mortgage loans, that an immediate successor-in-interest serve any bona-fide tenant with a 90-day notice to vacate.  *See* 111 P.L. 22, 601, 123 Stat. 1632, 1660 (2009)).  As stated above, this affirmative defense, regardless of its merit, cannot provide this court with federal question jurisdiction.  *Franchise Tax Bd. of California*, 463 U.S. at 10; *Hunter*, 582 F.3d at 1042-43.

### B. <u>The Court Lacks Diversity Jurisdiction</u>

Though Defendants did not assert diversity jurisdiction in the notice of removal, the court will nonetheless undertake the proper analysis.

Federal courts have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Thus, in removal cases where the purported basis of jurisdiction is diversity jurisdiction, removal is not permitted where a

defendant in the case is a citizen of the state in which the plaintiff originally brought the action (even if the opposing parties are citizens of different states). *See* 28 U.S.C. § 1441(b).

First, the amount in controversy does not exceed $75,000. In unlawful detainer actions, the right to possession of the property is contested, not title to the property, and plaintiffs may collect only damages that are incident to that unlawful possession. *See Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (quoting *Evans v. Superior Ct.*, 67 Cal. App. 3d 162, 170 (1977)). Louden is requesting damages in the amount of $51.66 per day, beginning on March 13, 2012. Compl., ECF No. 1 Ex. A ¶ 11. The amount of damages at issue in this case does not come close to reaching the threshold amount.

Second, even assuming the threshold amount for diversity jurisdiction were satisfied, removal was not proper because Louden filed suit in California, and Defendants are citizens of California. As explained above, 28 U.S.C. § 1441(b) prohibits removal where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action.

### C. Removal to the Northern District of California is Improper

Defendants' should have removed this matter to the Federal District Court for the Eastern District of California, rather than this district. A defendant seeking to remove a civil action from a state court must file a notice of removal in the federal district court for the district within which the action is pending. 28 U.S.C. § 1441(a); *see* 28 U.S.C. § 1446. If the defendant removes to the wrong district, the federal court may either dismiss the case "or if it be in the interest of justice, transfer the case to any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a). This lawsuit was originally filed in Solano County Superior Court, so Defendants should have filed their notice of removal in the District Court for the Eastern District of California. *See* Compl., ECF No. 1 at 11; E.D. Cal. Civil L. R. 120(d). Because Defendants will not be able to establish federal jurisdiction in the Eastern District of California for the reasons previously stated, the court finds that the interests of justice support dismissal rather than transfer. Accordingly, the court recommends the district court remand the action to Solano County Superior Court.

### V.  CONCLUSION

Based on the foregoing, the court believes that remand to Solano County Superior Court is appropriate.  Because Defendants have not consented to or declined the undersigned's jurisdiction, the court **ORDERS** the Clerk of the Court to reassign this action to a district court judge and **RECOMMENDS** that the newly-assigned district court judge grant Louden's motion and remand this action back to Solano County Superior Court.[5]  The court also **RECOMMENDS** denying Ms. Lopez's motion to proceed *in forma pauperis* as moot.

Any party may file objections to this Report and Recommendation with the district judge within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72.  Failure to file an objection may waive the right to review of the issue in the district court.

**IT IS SO ORDERED.**

Dated: July 9, 2012

LAUREL BEELER
United States Magistrate Judge

---

[5]  In its Notice of Motion to Remand Case, Louden requested that the court sanction Defendants for improperly removing this action.  Notice of Motion, ECF No. 6 at 1.  Even if it had filed a separate motion for sanctions (as is required by this district's civil local rules, *see* N.D. Cal. L.R. 7-8), Louden makes no substantive argument for sanctioning Louden in its motion.  *See generally* Mem. of P. & A., ECF No. 7.  In such a circumstance, the court does not believe that sanctions are warranted.